UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ANDREW ESSINGER, | : | Case No. 2:23-cv-1800 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Elizabeth P. Deavers |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, | : | |
| Defendant. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Richland Correctional Institution, in Mansfield, Ohio, brings this *pro se* action against defendant Ohio Department of Rehabilitation and Correction for alleged violations of his civil rights while he was housed at the Noble Correctional Institution (NCI), in Caldwell, Ohio. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## COMPLAINT

As an initial matter, although plaintiff names ODRC as the sole defendant in the case caption of this lawsuit, his complaint lists NCI dentist Da[v]id Bowman as the sole defendant. (*See* Doc. 1-1, at PageID 8). Given plaintiff's *pro se* status, the Court liberally construes plaintiff's complaint to name both ODRC and Dentist Bowman as defendants. *See e.g., Garza v. L.C.M.H.F.*, No. 09-3144, 2009 WL 2912790, at *1 (D. Kan. Sept. 9, 2009) (liberally construing *pro se* complaint to name entity included in case caption and individual listed in part two of the complaint as defendants); *see also Church v. City of Cleveland,* No. 1:10-CV-1399, 2010 WL 4883433, at *3 (N.D. Ohio Oct. 26, 2010), *report and recommendation adopted*, No. 1:10CV1399, 2010 WL 4901739 (N.D. Ohio Nov. 23, 2010) ("A court may look to the body of the complaint to determine the parties, in what capacity the defendants are being sued, and the nature of the claims asserted.").

In the complaint, plaintiff alleges that in January 2020 he had a loose tooth and requested medical to have it pulled.  According to plaintiff, a week passed and his face began to swell.  Plaintiff alleges that when he went to medical, they gave him one pill for the infection and told him to return.  Plaintiff further alleges that the dentist was supposed to give him more pills to get the infection out but never did.  It appears that when plaintiff's tooth was pulled, his heart rate increased and he was sent to the hospital for treatment.  Plaintiff claims that a doctor at the hospital told him that he was lucky to have come into the hospital because the infection had spread to his body.

For relief, plaintiff seeks monetary damages.  (Doc. 1-1, at PageID 11-12).

**ANALYSIS**

Liberally construing the complaint, *see Erickson*, 551 U.S. at 94, the Court understands plaintiff to be bringing a 42 U.S.C. § 1983 claim for deliberate indifference to a serious medical need under the Eighth Amendment to the United States Constitution and a state-law claim for medical malpractice against defendants ODRC and Dentist Bowman.

For the reasons that follow, plaintiff's complaint should be dismissed.

**a.     ODRC is not subject to suit under § 1983.**

To the extent that plaintiff has named ODRC as a defendant to this action, plaintiff's claims against this defendant should be dismissed.  Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983.  *Parker v. Michigan Dept. of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983).  Moreover, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against ODRC because it is a state agency.  *See, e.g., Wingo v. Tennessee Dept. of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citing *Pennhurst*

*State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984)). Therefore, the complaint should be dismissed as to ODRC.

      **b.**      **Plaintiff's § 1983 Claim against Dentist Bowman Is Time-Barred.**

Next, plaintiff's § 1983 claim against Dentist Bowman is barred by the statute of limitations. Plaintiff's complaint is governed by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Although the statute of limitations is normally an affirmative defense raised by defendants, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dept. of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id*. (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Plaintiff alleges that the conduct underlying his claim against Dentist Bowman occurred in January 2020. (*See* Doc. 1-1, at PageID 11). Plaintiff was or should have been aware of his alleged injuries at that time, when he allegedly had his tooth pulled and when a doctor at the hospital allegedly told him that he was lucky to have been taken into the hospital because the infection from his tooth had spread to his body. (*See id.*). Plaintiff, however, did not file the underlying action until May 2023 (*see* Doc. 1-1), almost three and a half years after the challenged conduct, and nearly a year and a half after the limitations period expired.

Because plaintiff's constitutional claim against Dentist Bowman is barred by the statute of limitations, this claim is subject to dismissal. *See Wallace*, 549 U.S. at 388 (clarifying that statute of limitations begins to run when the litigant "has a complete and present cause of action"). Plaintiff has not pleaded any facts in his complaint that would give rise to tolling under Ohio state law. *See Wallace*, 549 U.S. at 394 ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations."); *see also* Ohio Rev. Code § 2305.16 (setting forth two disabilities—being within the age of minority and being of unsound mind—that toll the statute of limitations for actions, such as this one, that are governed by Ohio Rev. Code § 2305.10).

Notably, even considering the intervening Covid pandemic, the state-law tolling period does not save plaintiff's claims. The Ohio Court of Appeals has explained:

> [O]n March 9, 2020, in response to the emerging COVID-19 pandemic, the Governor of Ohio issued Executive Order 2020-01D, declaring a state of emergency. In addition, on March 27, 2020, the Ohio General Assembly passed a COVID-19 relief bill, 2020 Am. Sub. H.B. No. 197, which tolled, retroactively to March 9, 2020, all statutorily established statutes of limitations, time limitations, and deadlines in the Ohio Revised Code and Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever came sooner. Because the period of emergency was still in effect as of July 30, 2020, the tolling period ended July 30, 2020. *Chapman Enterprises, Inc. v. McClain*, 165 Ohio St.3d 428, 2021-Ohio-2386, ¶ 11.

*Roach v. Vapor Station Columbus, Inc.*, No. 21AP-55, 2022 WL 2211529, at *2 (Ohio Ct. App. June 21, 2022) (footnote omitted). The less-than-five-month statutory tolling period in Ohio for Covid circumstances (i.e., the time between March 9 and July 30, 2020) is insufficient to render plaintiff's § 1983 claim against Dentist Bowman, which was filed approximately a year after the statute of limitations expired, timely.

Therefore, plaintiff's § 1983 claim against Dentist Bowman should be dismissed with prejudice as time barred.

    **c.**    **Plaintiff's State-Law Claims against Defendants**

Having found that the Court should dismiss plaintiff's federal claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, the Court should **DISMISS with prejudice** plaintiff's federal claims, respectively, for failure to state a claim upon which relief may be granted and as time-barred, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and should **DECLINE** to exercise supplemental jurisdiction over plaintiff's state-law claims and **DISMISS** such claims **without prejudice,** 28 U.S.C. § 1367(c)(3).

                       **IT IS THEREFORE RECOMMENDED THAT:**

    1.    Plaintiff's federal claims against defendants be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over plaintiff's state-law claims and **DISMISS** such claims **without prejudice**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## IT IS THEREFORE ORDERED THAT:

**THE CLERK OF COURT** add defendant Dentist David Bowman to the docket.

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

June 27, 2023                 *s/ Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  United States Magistrate Judge